1          IN THE UNITED STATES DISTRICT COURT
          FOR THE NORTHERN DISTRICT OF ILLINOIS
2                     EASTERN DIVISION

3   MFB FERTILITY INC., a Colorado  )
    corporation,                    )
4                                   )
              Plaintiff,            )
5                                   )
      v.                            )  No. 20 cv 7833
6                                   )
    EASY HEALTHCARE CORPORATION, an )
7   Illinois Corporation,           )  Chicago, Illinois
                                    )  January 15, 2021
8            Defendant.             )  10:00 a.m.

9      TRANSCRIPT OF PROCEEDINGS - TELEPHONIC STATUS HEARING
             BEFORE THE HONORABLE JOHN F. KNESS
10

    APPEARED TELEPHONICALLY:
11

    For the Plaintiff:        LEVENFELD PEARLSTEIN
12                            BY:  MR. GARY IRWIN BLACKMAN
                                   MS. CHRISTINA ELAINE LUTZ
13                            2 North LaSalle Street
                              13th Floor
14                            Chicago, Illinois 60602
                              (312)346-8380
15
                              HALL ESTILL
16                            BY:  MR. JEFFREY R. SCHELL
                              1600 Stout Street
17                            Suite 1100
                              Denver, Colorado  80202
18                            (303) 607-5450

19  For the Defendant:        K&L GATES LLP
                              BY:  MR. ABRAM ISAAC MOORE
20                            70 West Madison Street
                              Suite 3100
21                            Chicago, Illinois  60602
                              (312) 781-6010
22

23

24

25

Nancy C. LaBella, CSR, RDR, CRR
Official Court Reporter
219 South Dearborn Street, Room 1728
Chicago, Illinois  60604
(312) 435-6890
NLaBella.ilnd@gmail.com

1    (Proceedings had remotely, via telephone conference:)

2         THE CLERK:  20 cv 7833, MFB Fertility v. Easy

3    Healthcare Corporation.

4         THE COURT:  Good morning.  This is the judge.

5         Who, if anyone, is appearing on behalf of plaintiff

6    MFB Fertility?

7         MR. BLACKMAN:  Good morning, Judge.  My name is Gary

8    Blackman, B-l-a-c-k-m-a-n.  I'm here with my partner Christina

9    Lutz, L-u-t-z, along with our client representative, Dr. Amy

10   Beckley, and Mr. Jeffrey Schell, who has filed a motion for

11   pro hac vice that, I believe, is not opposed.

12        THE COURT:  Thank you.  And good morning.

13        Is anyone on the line on behalf of defendant Easy

14   Healthcare Corporation?

15        MR. MOORE:  Good morning, your Honor.  Yes, this is

16   Abe Moore, M-o-o-r-e, from K&L Gates on behalf of Easy

17   Healthcare.

18        THE COURT:  And good morning, Mr. Moore.

19        Let's start with the easier issue, hopefully easier,

20   which is the motion for leave to appear pro hac vice.  There

21   is a question on the form that asks whether the applicant has

22   transferred to inactive status, voluntarily withdrawn, or

23   resigned from the bar of any court.  And that's checked yes.

24   And underneath those questions is a note that says if the

25   answer to any of the above questions is yes, please attach a

1    brief description of the incident and the applicant's current

2    status, et cetera.

3            And unless I am missing something on the docket, I

4    don't see that that's been attached.  So, Mr. Schell, can you

5    address that?

6            MR. SCHELL:  Good morning, your Honor.  I apologize

7    for that.  The -- I am -- I maintain retired status in

8    Illinois.  I reside in Colorado and have done so for the past

9    ten years.  I'm happy to refile the motion with that short

10   description.

11           THE COURT:  So you're in retired status in Illinois;

12   is that correct?

13           MR. SCHELL:  That is correct, your Honor.

14           THE COURT:  And yet you seek to act as designated

15   local counsel?

16           MR. SCHELL:  No, sir.  I reside in Denver, Colorado,

17   and have done so for the past ten years.  And am counsel

18   for --

19           THE COURT:  I misread the question about has the

20   applicant designated local counsel.  I misread that as is the

21   applicant designated local counsel.  I'm sorry about that.

22   But can you please file an updated and correct pro hac motion

23   that follows the note and the requirements there?  And once

24   you do that, I'll act on it.

25           MR. SCHELL:  Yes, sir.

1          THE COURT:  Thank you.

2          I called this hearing because obviously the defendant

3    has not yet answered or appeared.  And I did receive -- as I

4    noted, at docket 7, I received some substantive e-mails and I

5    made some views clear on the docket on that.  So that

6    everybody is clear, I wasn't angry about that.  I just felt I

7    needed to protect the docket.  So I think it should be

8    self-explanatory, but I do want to channel everything into

9    public hearings and public dockets.

10          And since there is a pending motion at docket 6 for

11   expedited discovery and there was some reference to possibly a

12   motion for preliminary injunction coming, so I just wanted to

13   get everybody in front of me and try to talk through this and

14   see what the issues are.

15          Obviously, I'm sensitive to the fact that the

16   defendant hasn't answered or otherwise responded to the

17   complaint.  But my understanding -- of both motions for

18   preliminary injunction, of which there is none yet here, but

19   also a motion for expedited discovery -- is that I can't act

20   on that in the absence of an answer.  So I just thought I

21   would talk through this and see if I can help figure out where

22   we're going and make this work a little bit better for

23   everybody.

24          So I'll start with the plaintiff and ask for what the

25   status is.

1      MR. BLACKMAN:  Thank you.  Judge.  This is Gary

2   Blackman.

3      I do want to just quickly apologize on behalf, I

4   think, of both counsel for letting ourselves get drawn into

5   arguing the merits in your scheduling e-mail.  So that won't

6   happen again.  But --

7      THE COURT:  Let me interrupt you on that and tell you

8   that I don't think you need to apologize.  And in fairness,

9   this little event has caused me to redo my motions' policy,

10   which is, of course, a makeshift policy given the fact that

11   we're not having regular motion calls, by general order.  And

12   I realize that I think I invited this to an extent myself by

13   inviting counsel to use the proposed order in-box as a way to

14   communicate on scheduling matters.  And I've changed that

15   because I think that I bear some accountability for this as

16   well for inviting it.

17      So I don't think I need an apology.  I'll accept it

18   if that makes you happy, but it's not necessary on the part of

19   either counsel.

20      MR. BLACKMAN:  I appreciate that.  And hopefully the

21   time will come pretty soon where we won't have to do it like

22   this at all.

23      So I'm not -- I'm not going to go through -- you

24   know, I'm assuming that the Court has read our motion for

25   expedited discovery and taken also a look at our complaint.

1    And, you know, they are as detailed and informative as we

2    can -- as we could have made it.  You know, this is a case

3    that involves obviously a claim by us of misappropriated

4    confidential and proprietary information and the ongoing

5    violation of a -- of those agreements and also a

6    non-competition agreement, which by its terms expires today.

7    And those documents, the complaint and the motion for

8    expedited discovery, have set forth what we believe is the

9    evidence of those ongoing violations.

10         Counsel alluded to our not filing a motion for

11   temporary restraining order.  Clearly, we could have.  I think

12   the Court -- or I know that the Court is correct that whether

13   or not a party has formally answered or filed a motion to

14   dismiss or other response doesn't foreclose a -- expedited

15   relief, whether it's a preliminary injunction, whether it's

16   expedited discovery, or whether it's a TRO.

17         Our experience in this district is that courts, you

18   know, much prefer an expedited discovery and expedited

19   preliminary injunction hearing rather than a motion for

20   temporary restraining order, if at all possible, because then

21   it obviously puts more information before you and it gives you

22   a fuller record to make a substantive ruling on.  Even if we

23   had run in on a motion for temporary restraining order and

24   even if it had been granted or, in that matter, denied, we

25   would still be engaging in expedited discovery and there would

1  be a preliminary injunction hearing set, especially if it was

2  granted.

3          The second reason why I think it's important that we

4  proceed in this way is that much of the information that we're

5  seeking -- and we've set forth with as much specificity as we

6  can -- is exclusively in the hands of the defendant.  We sent

7  that first amendment around November 20th.  Much of what we

8  are asking for in the expedited discovery, we've asked for

9  informally before we filed the lawsuit from counsel.  I don't

10  want to get into a fight other than to say that I didn't

11  receive any information that would preclude us from filing

12  either the lawsuit or this motion.

13          And as we also alluded to in our motion for expedited

14  discovery, contractually there is a provision in the

15  distribution agreement that requires defendants to return our

16  information, whether or not it's confidential, within a

17  certain amount of time after the termination of the agreement.

18  We have since -- and I'll acknowledge that we requested this

19  on November 20th.  We requested it two or three times

20  thereafter, and we didn't receive it.

21          So I am not casting any aspersions.  I'm not saying

22  that counsel is required to litigate this matter before we

23  file a lawsuit.  But I am trying to convey to the Court our

24  good-faith attempts to resolve this short of expedited

25  discovery.

1           The brief, we think, sets forth the rules and

2    standards in this district; and I think we've met all of them.

3    I think that we have requested reasonable relief.  We've

4    requested injunctive relief in our complaint.  This involves a

5    restrictive covenant and an ongoing violation.  The case law

6    that we've listed, I believe, sets forth a clear right to

7    this.  And as of this point, there is no written opposition,

8    so -- other than kind of informal.  We don't really know the

9    basis for the objection, but we know some of it.  We know that

10   they believe there's an arbitration provision.

11           THE COURT:  Mr. Blackman, thank you.  I'm going to --

12   I hear what you're saying.  I've read the motion.  I've read

13   the complaint.  I don't know yet how I feel about the motion.

14   I will just -- I'm going to give, of course, Mr. Moore a

15   chance to speak.  But so as not to bury the lead, I'm almost

16   certainly going to give Mr. Moore the opportunity to respond

17   in writing to the motion for expedited discovery.  So once I

18   get that briefing, assuming we go that route, I will consider

19   the motion and address it.  But --

20           MR. BLACKMAN:  Understood.

21           THE COURT:  But I need to know first from you,

22   Mr. Blackman, has the competing product been launched yet?

23           MR. BLACKMAN:  Not to our knowledge.

24           THE COURT:  Okay.  So just talk me through this, and

25   my questions are really just to help me understand the case.

1   And please, for both sides, don't read too much into my

2   questions, or anything at all.  I just want to understand it

3   better.

4        But assuming the non-compete provision expires, I

5   think you said, today or sometime soon, then the launch of a

6   competing product would not by itself, I'm guessing, violate

7   any non-compete provision because there wouldn't be one

8   anymore.  But I'm guessing your response to that is that that

9   won't vitiate our claim because we have an argument that

10  confidential information was taken that were, you know,

11  preceding violations of some sort of duty, whether contractual

12  or otherwise, that allowed them to develop this product; and

13  so even if the product is launched post-expiration of the

14  non-compete provision, there's still a legal claim there.

15        Is that basically right?

16        MR. BLACKMAN:  Not entirely.  But I understand, of

17  course, why the question would be asked in that way.

18        So we have two separate and distinct claims.  They

19  are interrelated at some point.  And one is the

20  misappropriation of confidential and proprietary information.

21  So that is, as you said, if we -- if they launch tomorrow,

22  we're saying that product that they're launching with was

23  manufactured and created with confidential information

24  belonging to the plaintiff.

25        With respect to the separate non-compete, it is our

position that because of the multiple violations of the

non-compete agreement -- because we do believe, and we think

there is case law to support this -- that the fact that you

don't launch doesn't mean you can't -- you're not violating

the non-compete and that all of those wrongful actions, from

maintaining Amazon listings, from reaching out to potential

customers, from sending samples and tests to potential

customers before the non-compete ends, from communicating with

them, saying, you know, we're just out of stock, from

misrepresenting that you're still the manufacturer currently,

we don't think you get the benefit of the termination of the

non-compete.

So a remedy that we would be asking for at a

preliminary injunction hearing is that the non-compete be

extended, as they would not be entitled to the benefit of

something that they've breached.

So we don't agree, respectfully, that the non-compete

becomes a non-issue, quote/unquote, simply because it's

terminated on its face and/or that they go ahead and start

selling tomorrow or next week.

THE COURT:  Okay.  And that's fair.  I get your

point, and that's totally fine.  Okay.  Thank you.  That's

helpful, Mr. Blackman.

Mr. Moore, I'm sure you'd like a chance to say

something.

1      MR. MOORE:  Yes.  Thank you, your Honor.

2          So as I understand it, we're here to discuss whether

3  the motion should be briefed, not whether it should be

4  granted.

5          And the complaint was served January 6th.  Our

6  response to that complaint is due January 27th.  We'll be

7  filing a motion to dismiss or stay in favor of arbitration on

8  that date.  We will do it within the 21 days allowed under the

9  rules.  And because this case is going to have to be referred

10  to arbitration -- and, your Honor, it's not a close call -- we

11  can't participate in substantive briefing on a discovery

12  motion.  We risk waiving our right to enforce that arbitration

13  provision.

14          So our view is that even briefing the motion for

15  expedited discovery at this juncture would be potentially

16  participating in substantive litigation here.  It wouldn't be

17  proper.

18          If the Court ultimately determines that this case

19  shouldn't be referred to arbitration, at that point the

20  parties can -- the Court can start ruling on substantive

21  motions, we can brief whatever motions may be necessary.  But

22  there shouldn't be any briefing at this point on substantive

23  motions until the Court decides whether the case should even

24  stay in this courtroom.

25          And that's particularly true with respect to this

1    motion, your Honor, and I'll tell you why.  This is an end run

2    around arbitration.  It's an attempt to try to get some quick

3    discovery.  And it's no mystery why plaintiff is trying to get

4    some quick discovery here.  He needs to come up with some

5    factual basis for the allegations in the complaint.  This

6    motion for expedited discovery was filed the very same day

7    that the complaint was served.  Counsel has conceded it's not

8    an emergency motion.  There's no preliminary injunction motion

9    pending, no TRO.  And they can't file -- and they haven't

10   filed any of those motions because to proceed with those, they

11   have to offer evidence, evidence of these allegations; and

12   there is no evidence for the plaintiff's allegations.

13          The complaint was filed, your Honor, with blatant

14   disregard for a controlling arbitration provision.  We sent a

15   Rule 11 letter to counsel for this reason.  And we didn't take

16   this lightly.  And, indeed, I don't think I've ever filed a

17   motion for Rule 11 sanctions in my 19-year career.  But the

18   conduct here by plaintiff's counsel is abusive.  It's

19   improper.  The strategy is clear:  File a complaint with no

20   basis, demand immediate expedited discovery to see if there is

21   any basis for the allegations.  It's improper, it's

22   sanctionable, and it's an end run around arbitration.

23          So, ultimately, your Honor, this case just has to be

24   referred to arbitration where it belongs or, at the very

25   least, the Court has to determine whether -- whether the case

1  needs to be referred to arbitration before it allows briefing

2  on discovery motions here.

3          THE COURT:  A couple of questions for you, Mr. Moore.

4  First of all, I'm trying to understand the import of your

5  argument about waiving your right to attempt to enforce an

6  arbitration provision merely by responding to a motion for

7  expedited discovery.

8          Let's say that the plaintiff had come in on a motion

9  for a TRO.  Would it be your position that I would have to

10  defer ruling on the motion for a TRO until you had a chance to

11  file a motion to enforce arbitration?

12          MR. MOORE:  Yes, your Honor.  In fact, our response

13  to any motion for TRO would be precisely that; that this

14  matter must be referred to the AAA.  And the AAA has emergency

15  injunctive procedures as well.  So, absolutely, that would be

16  our position.

17          THE COURT:  But you would -- what would the vehicle

18  be that you would file that argument?

19          Let's say a plaintiff came in to me and filed an

20  emergency motion for a temporary restraining order and I, in

21  the middle of litigating 370 other cases, decided that I

22  couldn't resolve everything in toto at that moment in the case

23  and instead said, okay, fine, I have to know what the

24  defendant is going to say, so I issue a minute order that day

25  saying the defendant has five days to respond.

1            Are you saying that the mere response, the Court's

2   act of merely calling for a response to a motion for a TRO,

3   would cause you to waive your right to seek arbitration?

4            MR. MOORE:  No, your Honor.  I'm not saying that.

5   Because the response -- the very first and only position or at

6   least the very first position that the defendant should take

7   in that response is, this is the improper venue for this

8   dispute.  It should be in arbitration.  As soon as the

9   defendant participates in substantive briefing and permits

10  substantive decisions, then there is law in this circuit that

11  says you -- that defendant can waive their right to enforce

12  the arbitration provision by participating.

13           THE COURT:  So this is a bit of a chicken-and-egg

14  issue.

15           MR. MOORE:  How --

16           THE COURT:  This is a bit of a chicken-and-egg issue

17  because I can't make a ruling -- in my hypothetical -- I can't

18  make a ruling that this is the wrong forum until I see the

19  briefing on it.  But, on the other hand, there is a balance of

20  equities here that may have such an urgent time frame that the

21  balance of equities strongly favors the plaintiff.  I'm not

22  saying that's the case here.  I haven't made a decision on

23  anything remotely close to that.

24           But it seems to me the question of whether the

25  enforcement of an arbitration provision should come before the

1   assessment of harms.  It seems to me like whether the case

2   should be arbitrated would really fall under the test of your

3   likelihood of success -- or the plaintiff's or movant's

4   likelihood of success on the motion for preliminary relief.

5   So I agree with you that this absolutely has relevance.  I'm

6   not going to force anybody to litigate a case where it

7   shouldn't be here.  But I, as the judge -- I recognize you're

8   a party representative and you have a strong view and you may

9   be right, but I may disagree with you.  And so it may be that

10  I don't think the case is arbitrable.  And I'm sure the

11  plaintiff is going to resist the arbitration.  They may win.

12  They may lose.  I don't know.  I don't have anything in front

13  of me right now.

14          But what I do have in front me is an a motion for

15  expedited discovery.  So I have to resolve that issue.  So

16  if --

17          MR. BLACKMAN:  Judge -- I'm sorry.

18          THE COURT:  One thing I wonder about is whether --

19  and maybe you don't feel comfortable telling me this, Mr.

20  Moore, but -- you said your answer is due on the 25th; is that

21  right?

22          MR. MOORE:  The 27th, your Honor.

23          THE COURT:  27th.  Thank you.  And you don't have to

24  answer this question, but are you planning on a product launch

25  before the 27th?

1          MR. MOORE:  The client has no plans for a product

2     launch before the 27th.

3          THE COURT:  So that, to me, weighs more heavily in

4     favor of waiting until you answer before I resolve this issue

5     for expedited discovery.  Because I think I really do have to

6     try to balance the parties' interests here.  And, for me, the

7     most pressing issue for plaintiff is, are they going to be

8     harmed by some product launch, harmed irreparably arguably, in

9     the absence of relief.  And if I have this sort of competing

10    issue of whether we're in the right forum, I would really like

11    to have that issue before me.

12         So if you're saying that there's no plan to launch

13    the product before the 27th -- Mr. Blackman, do you see where

14    I'm going with this?  Do you think it may make more sense for

15    me to wait and see what the motion looks like from Mr. Moore

16    before I decide whether to order expedited discovery?

17         MR. BLACKMAN:  Yeah, I absolutely see where you're

18    going, Judge.  And I -- I have a couple of comments and then a

19    suggestion, and I think we'll be able to maybe navigate this.

20         It absolutely is the law in this district, without

21    question, that even if an arbitration provision is in an

22    agreement -- and it's only in one of the two agreements we've

23    sued on -- that the plaintiff is allowed to seek provisional

24    relief.  I don't want to sound like, you know, I'm, you know,

25    the oldest lawyer on the phone.  I might be.  But we have been

in court and obtained, in jurisdictions in both state court and federal court, countless injunctive relief and restraining orders or preliminary or temporary restraining orders, in aid of arbitration, meaning whatever the -- obviously whatever the wrong is being -- is being restrained while the parties arbitrate the underlying issues. And that is -- that is common, and that happens often. And almost every -- I would say every single case that I've ever had in the last 30 years where there is an arbitration clause and injunctive relief has been necessary, we've been in federal or state court asking for it. And so that simply -- it doesn't preclude the Court from having that kind of jurisdiction.

And I think that the waiver issue has to do with service of summons. If you don't believe you've been properly served or you're a necessary party, maybe that's an issue. But this is the first time I've actually ever heard someone argue that.

So to the practical issue that the Court is trying to navigate, we absolutely have no problem, Judge, with you adjudicating the arbitration issue, if that's something that the Court is more comfortable to do, if we know that there's not a product launch. In fact, one of the proposals that we had wanted to suggest to counsel is that the -- if we enter into a stipulation -- and I'm not so sure counsel is going to go this far -- that there will not be a product launch until

1  we resolve the preliminary injunction issue and/or the

2  expedited discovery issue.

3          I am not, by any means, suggesting this is not

4  urgent.  We do believe that it is.  But we also understand

5  that the Court wants to be able to address this in some

6  orderly way, and we had hoped that we were going to be able to

7  do this through the briefing of this motion.

8          I just also want to clarify one thing for the record.

9  It's not our position that every count in the complaint is

10 subject -- is not subject to arbitration or that there aren't

11 parts of this complaint that are subject to arbitration.  And

12 there is an arbitration provision.  There will be some aspect

13 of this dispute that either now or on parallel tracks or

14 subsequently will be subject to arbitration.  But we think

15 it's damages claims.

16         So the fact that there is a potentially applicable

17 arbitration provision that will apply to damages that arise

18 from the distribution agreement or a copyright violation or

19 whatever, that just doesn't preclude injunctive relief.  And,

20 in fact, in many of the cases I'm involved in with respect to

21 securities and brokerage houses and FINRA, those are parallel

22 track.

23         So I guess that's a roundabout way of answering,

24 Judge, that if we can get the comfort that there's not going

25 to be a product launch before this Court rules on the

1   arbitration and expedited discovery issue -- and I think it

2   might need to go beyond the 27th then if that's the day

3   they're filing -- then that's fine with us.

4           THE COURT:  Okay.  Thank you.  This has been helpful.

5   I need to give Mr. Moore a chance to speak a little bit

6   further and then I have to move on because I have people

7   waiting on --

8           MR. BLACKMAN:  Understood.

9           THE COURT:  -- other hearings.

10          So go ahead, Mr. Moore.

11          MR. MOORE:  Thank you, your Honor.

12          So we've been talking a lot about the potential

13  preliminary injunction or TRO type of factors.  There is no

14  motion for preliminary injunction filed here.  There is no

15  TRO.  There's just -- there's one motion, to expedite

16  discovery, period.  There was -- the motion says that a

17  preliminary injunction will be filed January 8th.  It was

18  never filed.  And, your Honor, we don't think it ever will be

19  because it can't be.

20          Now, I represented to the Court, and it's the truth,

21  that my client has no intention of filing any competing

22  product before January 27th.  And, in fact, to demonstrate how

23  frivolous this claim is, my client has no intention at the

24  moment of launching a competing product, period.  Period.  But

25  we're not going to enter into some stipulation with counsel

1  based on a frivolous complaint to extend a non-compete.  We

2  won't do it.  And --

3        THE COURT:  Okay.  Mr. Moore, thank you.  I'm sorry

4  to cut you off.  Here's what I'm going to do -- this has been

5  helpful.  Based on everything I'm hearing right now and given

6  that I have a lot of discretion at this point in the case, I'm

7  going to wait until the week of the 27th -- let me pull up my

8  calendar here -- I'm going to wait until after the 27th, I

9  should say.  I'm going to give you an opportunity, Mr. Moore,

10 to respond to the motion for expedited discovery.  If you

11 choose to file a response to that, it will be due on or before

12 January 27th at the same time that your answer or responsive

13 pleading is due to the complaint.  And I'm going to set a

14 status for early in the following week.

15        That's how I think I want to approach this because

16 based on what I'm hearing, the urgency may be there.  I'm not

17 making any rulings or findings.  But I think we have a little

18 bit of time based on what Mr. Moore has said -- and based on

19 what Mr. Blackman has said -- I think we do have time to take

20 a look at what Mr. Moore files on behalf of the defendant.  So

21 that's what I'm going to do.  I will defer on whether to call

22 for a reply on the motion for expedited discovery, and we can

23 deal with pretty much everything at the next hearing.  But

24 that's how I'm going to proceed.

25        So I'll ask our courtroom deputy to propose some

1    dates the week beginning February 1st.

2           THE CLERK:  The status will be on February 3rd at

3    10:30.

4           THE COURT:  Mr. Blackman, does that work for you and

5    your side?

6           MR. BLACKMAN:  Let me just very quickly -- yes, sir,

7    it does.

8           THE COURT:  Excellent.  Thank you.

9           And, Mr. Moore, does that work for you?

10          MR. MOORE:  Yes, your Honor.

11          THE COURT:  Very well.  My thanks to all counsel for

12   your time today.  I know it was a fairly lengthy hearing, but

13   it was informative to me.  And I think both counsel who spoke

14   today are very fine advocates, so I'm sure we'll get to the

15   bottom of this.

16          So, Mr. Schell, you're going to fix that motion for

17   pro hac; and assuming everything is in order, then I'll grant

18   that, and that will be in either the minute order or in a

19   later order.

20          Thanks to all.  I wish you a good weekend.  This

21   concludes the hearing.

22          MR. BLACKMAN:  Thank you, Judge.

23          MR. MOORE:  Thank you, your Honor.

24       (Which were all the proceedings heard.)

25                      *    *    *    *    *

1

2  I certify that the foregoing is a correct transcript from the
   record of proceedings, held telephonically, in the
3  above-entitled matter.

4

5  */s/ Nancy C. LaBella*                    *January 29, 2021*
   Official Court Reporter

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25