```
 1                    IN THE UNITED STATES DISTRICT COURT
                     FOR THE NORTHERN DISTRICT OF ILLINOIS
 2                              EASTERN DIVISION

 3   MFB FERTILITY INC., a Colorado  )
     corporation,                    )
 4                                   )
                  Plaintiff,         )
 5                                   )
       v.                            )  No. 20 cv 7833
 6                                   )
     EASY HEALTHCARE CORPORATION, an )
 7   Illinois Corporation,           )  Chicago, Illinois
                                     )  February 23, 2021
 8                Defendant.         )  11:30 a.m.

 9        TRANSCRIPT OF PROCEEDINGS - TELEPHONIC STATUS HEARING
                   BEFORE THE HONORABLE JOHN F. KNESS
10
     APPEARED TELEPHONICALLY:
11
     For the Plaintiff:          LEVENFELD PEARLSTEIN
12                               BY:  MR. GARY IRWIN BLACKMAN
                                 2 North LaSalle Street
13                               13th Floor
                                 Chicago, Illinois 60602
14                               (312)346-8380

15                               HALL ESTILL
                                 BY:  MR. JEFFREY R. SCHELL
16                               1600 Stout Street
                                 Suite 1100
17                               Denver, Colorado  80202
                                 (303) 607-5450
18
     For the Defendant:          K&L GATES LLP
19                               BY:  MR. ABRAM ISAAC MOORE
                                 70 West Madison Street
20                               Suite 3100
                                 Chicago, Illinois  60602
21                               (312) 781-6010

22

23

24

25
                        Nancy C. LaBella, CSR, RDR, CRR
                              Official Court Reporter
                      219 South Dearborn Street, Room 1728
                            Chicago, Illinois  60604
                                 (312) 435-6890
                             NLaBella.ilnd@gmail.com
```

1  (Proceedings had remotely, via telephone conference:)
2      THE CLERK: 20 cv 7833, MFB Fertility v. Easy
3  Healthcare.
4      THE COURT: Good morning. This is the judge.
5      Who is appearing on behalf of the plaintiff?
6      MR. BLACKMAN: Good morning, Judge. Gary Blackman on
7  behalf of the plaintiff, along with Mr. Schell, who is
8  admitted pro hac.
9      THE COURT: Good morning to both of you. Thank you
10 for being here.
11     Who is present on behalf of defendant Easy
12 Healthcare?
13     MR. MOORE: Good morning, your Honor. This is Abe
14 Moore from K&L Gates.
15     THE COURT: Good morning to you, Mr. Moore.
16     I first want to direct some comments to counsel for
17 both sides, and to the parties. I am sincerely sorry that the
18 hearing that we had on the docket for -- I believe it was
19 February 3rd -- somehow it got lost in our electronic system
20 here. And so I was here. You were here. I was in no way
21 prepared to move forward, and we had some other scheduling
22 conflicts. So I do offer the Court's apologies for that
23 scheduling problem.
24     We are here now though. And in the interim, we've
25 had a few more motions filed. It was actually the day before

1 the last scheduled hearing, there was a motion for preliminary
2 injunction that was filed by the plaintiff. That was filed on
3 February 2 at docket 22. And the plaintiff filed a memorandum
4 in support of that motion, along with a scheduling statement.
5 And now we have a new motion by defendant Easy Healthcare that
6 was filed on February 15, docket 25, for sanctions under
7 Rule 11. And there are some pending motions that I don't
8 believe have been briefed yet.
9     I'm looking right now at docket 27, which was the
10 proposed briefing schedule submitted by the defendant. And
11 just a question. I think there's a typo in here, Mr. Moore.
12 If you look at paragraph 2 of your proposed briefing schedule,
13 it says: Counsel for plaintiff has requested until March 19,
14 2021 to respond to defendant's motion to stay discovery.
15     I think maybe you meant the motion for sanctions.
16 Which is it?
17     MR. MOORE: I'm sorry. That was the motion for
18 sanctions, your Honor. That was a mistake on our part.
19     THE COURT: That's fine. I sort of deduced that.
20 Even judges can deduce things now and then. So that makes
21 sense.
22     Mr. Blackman, any new objection to this briefing
23 schedule on the motion for sanctions?
24     MR. BLACKMAN: No, I don't. What I was -- if I may
25 make a comment, Judge?

1 THE COURT: Well --
2 MR. BLACKMAN: I don't have any --
3 THE COURT: -- it depends about what. Right now I'm
4 just trying to get a briefing schedule on the motion for
5 sanctions.
6 MR. BLACKMAN: Okay. I have no problem with that.
7 THE COURT: Thank you.
8 So that leads me to the issue of, I believe we do not
9 have a briefing schedule yet on either the motion to dismiss
10 or the motion to stay discovery or the motion for a
11 preliminary injunction.
12 Starting first with Mr. Moore, is that your
13 understanding?
14 MR. MOORE: That is my understanding, your Honor.
15 Well, actually -- I'm sorry. For the motion to dismiss, we
16 understood that the default briefing schedule would apply
17 that's in the Court's order for motions to dismiss. But,
18 otherwise, for the remainder of the motions, we agree that
19 there's no briefing schedule set.
20 THE COURT: Okay. Thank you for that clarification.
21 Now, Mr. Blackman, your turn.
22 MR. BLACKMAN: We had intended on filing a response
23 to the motion to dismiss. But when we got your order, we kind
24 of stood down on that because it -- wasn't really sure, you
25 know, which of the motions you wanted to address when or

1  perhaps in a different order.  So we figured we would just
2  work through all these motions now.
3          And if we're setting -- if you're asking if we're
4  setting schedules, like, what we -- for the motion to dismiss,
5  then we would like 28 days on that.
6          THE COURT:  28 days from today; is that right?
7          MR. BLACKMAN:  Correct.
8          THE COURT:  That's fine with me.
9          And then, Mr. Moore, how much time do you need to
10 file a reply?
11         MR. MOORE:  We're talking about our motion to dismiss
12 filed January 27th?
13         THE COURT:  Correct.
14         MR. MOORE:  Well, we would want to file -- we can
15 file a reply within 14 days.  If we can just address that
16 quickly though, your Honor.  Under the Court's order, the --
17 their response is due 28 days from filing, which would mean
18 the response would be due tomorrow.  And if we can just
19 briefly -- I just want to explain that this is the motion that
20 we think should be decided first because it would moot the
21 rest of the motions here.  So 28 additional days would give
22 counsel almost 60 days from the date of filing, which would
23 push this to the end -- it sounds like -- to the end of the
24 briefing schedules.  We think it should be first.  In fact, we
25 offered to expedite this briefing schedule because plaintiff

1  has argued that there's some urgency to the matter.

2          THE COURT: Well, of course given that it's my order
3  on the website, I think I have some discretion to alter my
4  order. So I don't think I'm precluded or handcuffed from
5  altering those dates. If you have some authority that tells
6  me that I am so handcuffed, I will entertain it, but I think I
7  can set the schedule.

8          With respect to the 28 days, I will say,
9  Mr. Blackman, that that does seem a little bit long. Do you
10 need 28 days, given that it's been pending for some time?

11         MR. BLACKMAN: I will -- I will do whatever the -- is
12 the Court's preference. I -- we're looking at four motions, a
13 motion for sanctions, motion to dismiss on two different
14 grounds, all the -- all of the merits on the claim, and also
15 the motion with respect to arbitration, a motion to stay
16 discovery. We're probably not going to be briefing the motion
17 for preliminary injunction. So it is just a fair amount of
18 work.

19         The only comment I would make, Judge -- and I guess
20 it could wait until the end to talk about the big picture here
21 if you want -- which is, you know, when we were on the call
22 last, there was a representation that counsel made that their
23 client had no intention either before or after January 15th to
24 file a competing product, which your Honor correctly noted
25 kind of lowered the temperature and lowered the sense of

1 urgency because that is really the primary reason why we
2 initially came in for the injunction.  So, you know, the
3 urgency that counsel is referring to has changed because
4 they've made that representation.
5 　　　　　So I don't want it to be misunderstood that because
6 we're asking for a longer briefing schedule that we don't care
7 about an injunction or that we feel that there is no urgency.
8 We are basing kind of our actions on their representation that
9 they have no intention of selling a competing product, which
10 kind of leads me to one last point and then I'll be quiet,
11 which is, you know, if that is truly the case, then, this --
12 this is a matter that can probably be resolved through some
13 type of stipulation or some type of resolution because, you
14 know, if they have no intention of selling the competing
15 product, then I'm not sure whether there's going to be a whole
16 lot left to litigate.  And I've asked counsel will his client
17 stipulate to that, and he said no, which made me concerned
18 that, you know, it's a very temporary "we're not going to
19 sell," but, you know, in order to get it away from the Court
20 or to get it into arbitration.
21 　　　　　So my initial suggestion was going to be that we put
22 a hold on all these motions and go before the magistrate and
23 try to resolve the case given that representation.  We
24 obviously need counsel's -- I think we would need counsel's
25 agreement on that.  But I just -- I kind of feel like we're

1  litigating something out of, you know, anger or emotion or
2  something other than logic if we're in court saying your are
3  creating a misappropriated product and they're saying, look,
4  we have no intention of doing that.  So --
5           THE COURT:  Thank you, Mr. Blackman.
6           MR. BLACKMAN:  -- I don't --
7           THE COURT:  Let me give Mr. Moore a chance to respond
8  on anything that you've said and offer any thoughts that he
9  wants.  If you could be brief, I would appreciate it.  But I
10 also do want you to address the question whether you think a
11 referral to the magistrate judge for a settlement conference
12 would be something you'd agree to and would be worthwhile.
13          So go ahead, Mr. Moore.
14          MR. MOORE:  Thank you, your Honor.
15          So counsel is correct that at the prior hearing, I
16 specifically said that my client had no immediate plans to
17 distribute a competing product.  That was true.  And I also
18 said at the last hearing that we would not stipulate to extend
19 the now-expired non-competition agreement between the parties.
20 I said it twice at the hearing.  Counsel followed up and asked
21 again if we would stipulate to that, and the answer is no.
22          Now, my client is certainly entitled to distribute a
23 competing product.  They're not interested in agreeing to an
24 extended non-compete or stipulating with the plaintiff based
25 upon a completely, from their view, frivolous complaint.  So

1  that's just not something that my client is interested in.
2          And I can talk to them about a conference with the
3  magistrate.  I don't think it would be productive because my
4  client's view is, here we have someone we distributed a
5  product for three years ago; the non-compete expired; they
6  filed a baseless complaint in an effort to extend that
7  non-compete.  And that's exactly what counsel is asking us to
8  agree to, and they won't -- they won't agree to that.  They
9  have a right to distribute a competing product.  They very
10 well may eventually do so.  They have no plans to do it
11 immediately.
12         THE COURT:  Okay. Give me one moment, both of you,
13 please.
14     (Brief pause.)
15         THE COURT:  Thank you both for your patience.
16         I was looking at the transcript of the hearing from
17 January 29th.  And based on a quick review of the transcript,
18 on page 16, in response to my question, which was:  Are you
19 planning -- this is to Mr. Moore.  I said:  Are you planning
20 on a product launch before the 27th?  That would be
21 February 27th.  And Mr. Moore said:  My client has no plans
22 for a product launch before the 27th.
23         So I credit what Mr. Blackman is saying about the "no
24 present plan."  I'm not sure what each party's ultimate
25 interests are or intent.  But you both make good points.  But

1 I think the issue really is, I've got a lot of competing
2 motions here. And my understanding -- and I'll direct this to
3 Mr. Blackman -- is that, right now, there's not a competing
4 product in the marketplace; is that correct?
5       MR. BLACKMAN: That's correct, Judge.
6       THE COURT: And is there anything else that you would
7 tell me right now constitutes irreparable harm that your
8 client is suffering presently?
9       MR. BLACKMAN: Yes.
10       THE COURT: What is that --
11       MR. BLACKMAN: And these --
12       THE COURT: -- irreparable --
13       MR. BLACKMAN: Well, we have set forth that, in part
14 in our complaint and then what we've discovered afterwards,
15 which is, during the non-compete period prior to January 15th,
16 we have absolutely evidence of their marketing, promoting,
17 representing to customers that they have a product maintaining
18 Amazon website listings, basically doing everything they can
19 to make it seem like they are still a manufacturer and still a
20 seller of a product during a non-compete, which completely
21 undercuts the purpose of the non-compete to begin with.
22       So we have evidence, and it's in our complaint, of
23 customers calling and saying, hey, when is this product
24 available. And they'll say, well, let me check, I think it's
25 available in a couple of weeks, even though it's not. And the

1  Amazon listings say that they are a manufacturer; it's not a
2  discontinued product.  Plus, there's an active FDA filing,
3  which shows them as a manufacturer during the non-compete
4  period.
5  　　　　So -- and I think the Court asked a good question
6  when this came up last time, which was, well, you know, if
7  the -- can you violate a non-compete if you haven't sold, or
8  something to that effect.  And our answer was absolutely,
9  because we lost the entire benefit of the non-compete by their
10 actions in the marketplace.
11 　　　　And, you know, our position -- and that kind of leads
12 into the discovery motion and --
13 　　　　THE COURT:  I need to interrupt you, Mr. Blackman.  I
14 do want to give you a chance to talk, but I have to keep
15 things moving --
16 　　　　MR. BLACKMAN:  Okay.
17 　　　　THE COURT:  -- here.  So thank you for that.
18 　　　　Mr. Moore, do you have any response to Mr. Blackman
19 on that point?
20 　　　　MR. MOORE:  I do, your Honor.  You've asked if
21 there's anything that's happening now that would cause
22 irreparable harm.  And what I heard counsel say is that during
23 the non-competition period, there was some marketing
24 promotion.  There's no sales at all of product.  I think we
25 all agree, there's been never -- there never has been any sale

1 of product -- competing product by my client.

2     And even the things that counsel has identified now,
3 you'll see in the Rule 11 motion, there's no basis for. In
4 fact, he mentioned maintaining Amazon listings. Those are
5 listings that my client created for MFB's product back in
6 2017. They're defunct, inactive listings. And as soon as
7 Mr. Blackman asked us to remove those, we did so. They are
8 not active anymore. So that -- you know, the effort to try to
9 suggest that those -- that we're maintaining those as -- for
10 competing products is completely wrong. And Mr. Blackman
11 knows that's right.

12     THE COURT: Okay. Thank you.

13     Here's what I need to do in this case, which is to
14 try to get a workable schedule so that we can resolve what
15 strikes me as a lot of swirling and competing issues here. I
16 am sympathetic to the plaintiff's need to have their day in
17 court and to be heard. I am also sympathetic to the --
18 speaking again, I should say, with respect to the plaintiff --
19 I am sympathetic to the fact that there is a pending motion
20 for preliminary injunction based on asserted irreparable harm
21 that's ongoing.

22     Balancing that and competing with that to an extent
23 are the arguments of the defendant, which is that this case
24 should not even be in federal court. That's the motion to
25 dismiss. It should be in arbitration. That's the motion to

1  compel arbitration. And that we shouldn't be forced -- we
2  being the defendant -- to conduct discovery while these issues
3  are being litigated. That is the motion for a stay. And
4  then, finally, the argument by the defendant that you've been
5  brought into this case without a good-faith basis and that
6  Rule 11 was violated. So there's a lot of issues going on
7  here.
8      What I think is the better course moving forward is
9  to resolve the issues first of whether this case is properly
10 before the Court. So I need briefing on that. I need
11 responses on the motion to dismiss, and I need a response on
12 the motion to stay discovery, and I need a response on the
13 motion for sanctions as well.
14      And it seems to me that the issue of the motion for a
15 preliminary injunction can be briefed at a later time. To the
16 extent I may have said or made a reference to the motion for
17 expedited discovery, I think that response has been filed.
18 But I know this much, we need a response on the motion to
19 dismiss and the motion to stay, as well as the motion for
20 sanctions. I'm going to make all of those responses due on
21 March 19th. I need to have all those papers coming in at the
22 same time just so that judicial efficiency can be served. So
23 March 19th will be the response date for all of those filings.
24 And then 14 days after that I believe is April 2nd. The
25 defendant can file whatever replies it wants to on that date.

Case: 1:20-cv-07833 Document #: 33 Filed: 03/25/21 Page 14 of 17 PageID #:459

14

1  Let me just make sure I have my dates right.
2           Yes, March 19 for plaintiff's responses, April 2 for
3  defendant's replies.
4           And with respect to the referral to a magistrate
5  judge, I always try to help people settle cases where
6  possible, but I have to be mindful as well of the very limited
7  time of our magistrate judges, who do a great many settlement
8  conferences.  And I don't see that this case is at a point yet
9  where a referral to the magistrate judge would be worthwhile.
10 I just don't think it would be an efficient use of court
11 resources or, frankly, the parties' resources.  I'm not
12 hearing anything in the tone and substance of what's being
13 said to me that we're at that point yet.
14          That said, I would very much encourage you both to
15 continue talking and see if there's a resolution short of
16 spending a lot of money on court documents that may or may not
17 be necessary.  So that's up to you though.  If you wind up
18 having some discussions and you make a little progress and
19 think that the services of the magistrate judge would be
20 beneficial and worthwhile, then you can come in jointly and
21 ask for that referral and I'll certainly do that on an
22 expedited basis.  But for now, I don't see that.
23          With respect to the briefing, I think that,
24 Mr. Blackman, if you want to do an omnibus response on all of
25 these motions, that would be fine with me.  And I won't hold

1  you to the 15-page limit if you need more than that. I would
2  ask you to try to get everything done in 25 pages, if you can
3  do that. And same thing for the defendant. If you can file
4  an omnibus reply, that would be beneficial, and I would hope
5  that you could keep it to 15 pages or maybe 20, if necessary.
6  If that needs to be tweaked or adjusted, you can always file a
7  motion to that effect and I will take a look at it.
8              MR. BLACKMAN: Your Honor --
9              THE COURT: So that's --
10             MR. BLACKMAN: I'm sorry. This is Gary Blackman. Is
11 that your preference, the omnibus?
12             THE COURT: Yes.
13             MR. BLACKMAN: Okay. Good. Okay. We'll do that.
14             THE COURT: Do you have any objection to that?
15             MR. BLACKMAN: I don't.
16             THE COURT: Will 25 pages be enough for you to
17 respond on all three of those issues?
18             MR. BLACKMAN: No. Because the motion to dismiss --
19 the motion to dismiss every single one of the claims, in
20 addition to the motion to compel -- you know, that is going to
21 take a significant amount of time. And the motion to -- for
22 sanctions is also going to require that we actually put into
23 the record some evidence. So I don't think we're going to be
24 able to do three motions at 25 pages. You know, what I would
25 ask for is actually 35, but we'll try to do it for less. So

1  that's 10 to 15 pages each.

2        THE COURT:  That's fine.  35 is fine.

3        Mr. Moore, your thoughts on the omnibus response?

4        MR. MOORE:  Your Honor, if that makes it more
5  convenient for the Court, we'd be happy to do it.  It leads me
6  to an outstanding motion, which is our unopposed motion --
7  this is docket No. 18 -- unopposed motion for leave to exceed
8  the page limit.  Our motion to dismiss is really two motions
9  to dismiss in one.  First, it's a motion to dismiss because
10 this case should be in arbitration.  That's 12(b)(3).  And
11 then it's also a 12(b)(6) motion.  So we filed that unopposed
12 motion for leave to exceed the page limit.

13       THE COURT:  Okay.  That will be granted.
14 Mr. Blackman, I'm not going to put you in a Maalox moment on
15 trying to get all of your arguments made.  So if you can put
16 this in a 35-page omnibus response and it works, that's fine.
17 That would be my preference.  If, as you get into this, you
18 feel that you're not able to do that, then just file a motion
19 or just call the courtroom deputy -- I'd prefer a written
20 motion -- and tell me what you need, and I'm sure we can
21 figure that out.  But I'm not going to --

22       MR. BLACKMAN:  Thank you.

23       THE COURT:  -- cause anybody to be worried about
24 getting their arguments heard.  Okay?

25       MR. BLACKMAN:  I appreciate that, Judge.  And I don't

1 have those Maalox moments much anymore, so that's probably a
2 good thing.
3       THE COURT: I think that's good for all of us.
4       Anything further, Mr. Blackman?
5       MR. BLACKMAN: No, sir. I appreciate your time.
6       THE COURT: Of course.
7       Mr. Moore, anything further?
8       MR. MOORE: No. Thank you, your Honor.
9       THE COURT: My thanks to both counsel. I encourage
10 you to continue talking to see if there's a way to resolve
11 this case short of expending a lot of client resources and
12 lawyer time, but that's in your court, so to speak. This
13 concludes the hearing. I wish you both a good remainder of
14 the week. Thank you.
15       MR. BLACKMAN: Okay. Thank you.
16       MR. MOORE: Thank you, your Honor.
17    (Which were all the proceedings heard.)
18                  *   *   *   *   *
19
20 I certify that the foregoing is a correct transcript from the
    record of proceedings, held telephonically, in the
21 above-entitled matter.
22
23 _/s/ Nancy C. LaBella_             _March 18, 2021_
    Official Court Reporter
24
25